Moss, Judge,
delivered the opinion of the court:
In July, 1919, plaintiff, Charles M. Curran, officer of the Army, being ordered for overseas military duty, delivered his household goods to the quartermaster at Washington, D. C., for packing and storing until his return. After his return plaintiff requested that said household goods be sent to him at Atlanta, Ga., and upon receiving same it was discovered that one box containing a portion of his household goods was missing. Plaintiff submitted a claim for reimbursement for his lost goods, and same was considered by a *29 duly authorized board of Army officers, which board made the following report:
“That in July, 1919, Major Curran received orders for overseas duty. As he was unable to take his household goods overseas with him, he turned same over to the quartermaster at Washington, I). C., for packing and storing until his return. In July, 1920, Major Curran had his property shipped to him at Atlanta, Ga. Upon receipt of the property one box was missing and could not be located. Records show that this box was lost while property was in storage.
“ The board finds that the circumstances of this loss come within the intent and meaning of the phrase ‘ or, while at the time of such loss, claimant was engaged in authorized military duties in connection therewith.’
“Each and every item was the private property of the claimant; its loss was without fault or negligence of the* claimant and within the meaning of paragraph 2, section 1, act of March 4, 1921.
“ The property was required to be possessed and used by claimant pursuant to War Department tables of equipment and articles of reasonable necessity, and the articles of personal property were reasonable, useful, necessary, and proper for claimant while in quarters engaged in the public service in the line of duty, except where otherwise noted and of the value as follows:
*****
“ None of the items should be replaced in kind from Government property on hand for the reason that same have already been replaced from private funds, and we hereby fix the total value at $239.95, which sum should be paid claimant in full settlement, release, and discharge.”
Whereupon the Secretary of War issued a certificate which was in the following language:
“ The articles of property, in the items and values as found by the board, were reasonable, useful, necessary, and proper for those claimants in the public service in line of duty, in quarters or in the field; that the losses occurred under the circumstances ascertained and determined by the board and that none of the items should be replaced in kind from Government property on hand. The values are hereby under the provisions of the act of Congress of March 4,1921, respectively ascertained and determined in the amounts set opposite the names of claimants above, and the schedule is approved for a total of $3,080.48, which amount shall be paid by a disbursing officer of the Army and be in full settlement, *30 release, and discharge. H. R. Wilson, major, Finance Department, office of Chief of Finance, is authorized to indorse approval on claims above listed.”
The said sum of $8,080.48 represented a number of similar claims of which plaintiff’s claim was one.
Plaintiff, however, was notified by the proper Government official that the Judge Advocate General and the Secretary of War had not deemed it advisable to proceed further on claims for lost property, and, further, that he could not pay said claim in view of the interpretation by the Comptroller General of the act of March 4, 1921. Plaintiff is suing to recover the amount certified by the Secretary of War.
The defendant contends that this court is without jurisdiction in the present case under the decision of the United States Supreme Court in the Babcock case, 250 U. S. 328. The decision in the Babcock case is not applicable. Plaintiff claims that this is an action on an award by the Secretary of War. This court has jurisdiction in such an action. See United States v. Kaufman, 96 U. S. 567.
The act of March 4,1921, 41 Stat. 1436, is an act to provide for the settlement of the claims of officers, enlisted men, and members of the Nurse Corps of the Army for reimbursement for the loss of private property, the pertinent portions of which read as follows :
“ SeotioN 1. That private property belonging to officers, enlisted men, and members of the Nurse Corps (female) of the Army, including all prescribed articles of equipment and clothing which they are required by law or regulation to own and use in the performance of their duties, and horses and equipment required by law or regulations to be provided by mounted officers, which since the 5th day of April, 1917, has been or shall hereafter be lost, damaged, or destroyed in the military service, shall be replaced, or the damage thereto, or its value recouped to the owner as hereinafter provided, when such loss, damage, or destruction has occurred or shall hereafter occur without fault or negligence on the part of the owner in any of the following circumstances:
h» ^ *1*
“ Second. When it appears that such private property was so lost, damaged, or destroyed in consequence of its owner having given his attention to the saving of human life or property belonging to the United States which was in danger *31 at the same time and under similar circumstances, or while, at the time of such loss, damage, or destruction, the claimant was engaged in authorized military duties in connection therewith.
# # iH # ‡
“ Sec. 2. That except as to such property as by law or regulation is required to be possessed and used by officers, enlisted men, and members of the Army Nurse Corps (female), respectively, the liability of the Government under this act shall be limited to damage to or loss of such sums of money or such articles of personal property as the Secretary of War shall decide or declare to be reasonable, useful, necessary, and proper for officers, enlisted men, or members of the Army Nurse Corps (female), respectively, as the case may be, to have in their possession while in quarters, or in the field, engaged in the public service in the line of duty.
“Sec. 3. That the Secretary of War is authorized and directed to examine into, ascertain, and determine the value of such property lost, destroyed, captured, or abandoned as specified in the foregoing paragraphs, or the amount of damage thereto, as the case may be; and the amount of such value or damage so ascertained and determined shall be paid by the disbursing officers of the Army, or such property lost, destroyed, captured, or abandoned, or so damaged as to be unfit for service, may be replaced in kind from Government property on hand when the Secretary of War shall so direct.
“Sec. 4. That the tender of replacement or of commutation or the determination made by the’ Secretary of War upon a claim presented, as provided for in the foregoing-section, shall constitute a final determination of any claim cognizable under this chapter, and such claim shall not thereafter be reopened or considered.”
Personal property, the loss for which recovery may be had, must therefore come within the general description “ all prescribed articles of equipment and clothing which they are required by law or regulations to own and use, in the performance of their duties,” or to such articles of personal property as the Secretary of War may declare to be “ reasonable, useful, necessary, and proper for officers to have in their possession while in quarters or in the field engaged in the public service in the line of duty.” It will be noticed that the Secretary of War certified in this case that “ the articles of property, in the items and values as found by the board were reasonable, useful, necessary, and proper *32 for those claimants in the public service in line of duty, in quarters or in the field, that the losses occurred under the circumstances ascertained and determined by the board * * The certificate of the Secretary of War, in omitting the qualifying phrase “ to Time in their 'possession,” did not operate to bring the property with which the Secretary was attempting to deal, within the terms of the statute. It is clear that it does not come within the description “ all prescribed articles of equipment and clothing which they are required by law or regulation to own and use, in the performance of their duties.” The provision of the statute under which plaintiff claims the right of reimbursement is found in the second paragraph of section 1 of the act, which reads as follows: “ When it appears that such private property was so lost * * * while at the time of such loss, * * * claimant was engaged in authorized military duties in connection therewith.” It must be borne in mind that there is no express provision for reimbursement for the loss of private property of any character or description while in storage. The Secretary of War approving the action of the board found that the property was lost in storage, and decided as a conclusion of law “that the circumstances of this loss come within the intent and meaning of the phrase ‘ or, while at the time of such loss claimant was engaged in authorized military duties in connection therewith.’” The determination by the Secretary of War of a claim presented under the act of 1921 is final and conclusive only when such determination is authoritatively made. The court has before it precisely the same facts upon which the Secretary of War based his conclusion of law, and under those facts the court is of the opinion that in construing the statute to cover the loss in question the conclusion of the Secretary of War was clearly erroneous. The property lost was household furnishings, an itemized list of which is contained in the record. For reasons herain-above set forth the articles of property do not come within the meaning of the provisions of the statute which purport to define the class or character of property for the loss of which payment may be had. And further, the language, “ when it appears that such private property was so lost *33 * * * while at the time of such loss, * * * the claimant was engaged in authorized military duties in connection therewith,” can by no logical process be held to apply to property lost in storage under the facts of this case. Applying the ordinary rules of construction of language the phrase, “ while at the time of such loss the claimant was engaged in authorized military duties in connection therewith,” means in connection with the private property so lost. It is not susceptible of any other reasonable interpretation.
If the court should hold that the contention of plaintiff in this case is correct, it would result in committing the Government to the principle of insurance against the loss of private property stored without charge in a Government warehouse and lost by the negligence of the Government’s agent in charge of such property, which was never the intention of Congress.
It is the opinion of the court that plaintiff is not entitled to recover.
Gbaham:, Judge; Booth, Judge; and Campbell, GMef Justice, concur.