Whaley, Judge,
delivered the opinion of the court:
On March 9, 1937, the Secretary of War addressed a letter to the Chief Justice of the Court of Claims in which he stated:
Pursuant to the provisions of paragraph 148 of the Judicial Code, I hereby refer to the Court of Claims, with request for its decision for my guidance and action, a claim now pending in the War Department filed by Captain Jewel E. Morrison * * *.
Subsequently a stipulation was entered into between the Acting Secretary of War and an Assistant Attorney General and filed August 10, 1938. As stated in the stipulation the facts are as follows:
*607 1. On February 27, 1935, 1st Lieutenant (now Captain) Jewel E. Morrison, Engineer-Reserve, was, by competent War Department orders, in active service, and assigned to duty with the 1969th Company of the Civilian Conservation Corps, stationed at Camp Moor-park, California. At about 5:10 P. M. on that date a fire of undetermined origin broke out in a Government-owned building used for officers’ quarters at that camp. Captain Morrison had been regularly assigned quarters in that building and was residing therein. As the result of this fire that building was partially destroyed and the following articles of uniform clothing, the personal property of Captain Morrison, which he was required by law or regulation to own and use in the performance of his duties, and which were properly in that building at the time of the fire, were destroyed or damaged beyond repair — one blouse, one pair of breeches, and one pair of slacks. These articles were not insured and no amount is collectible or has been collected from insurance because of their destruction or damage, and there is no Government property on hand from which they may be replaced in kind.
2. During the time of the fire Captain Morrison was not engaged in saving human life or protecting Government property endangered by fire, because he was absent from the camp on duty in connection with the convening of a board of officers to investigate an automobile accident involving a Civilian Conservation Corps automobile truck, to which duty he had been assigned by competent War Department orders. Captain Morrison was in no way responsible for the fire and the destruction and damage caused thereby was occasioned through no fault or neglect on his part.
3. On April 10, 1935, in accordance with the provisions of Army Regulations and within the time allowed by law, Captain Morrison filed a claim for reimbursement for the loss of his personal property under the act of March 4, 1921 (41 Stat. 1436; U. S. C. 31:218). A board of officers was thereupon appointed by competent authority to investigate and report upon his claim. The facts found by this board are substantially those included in this stipulation and it recommended that Captain Morrison be awarded the sum of $51.25 on his claim, as follows:
1 each blouse_$20.00
1 pair slacks_ 11. 25
1 pair breeches_ 20.00
Total_$51.25
*608 This is a fair and just evaluation of the damage sustained by Captain Morrison because of this fire. The report of this board is now before the War Department for review, and its decision in settlement of the claim is being withheld pending the outcome of the Department Reference, Court of Claims No. 171 Departmental, to which this stipulation pertains.
4. The claim of Captain Morrison has not been submitted to the Comptroller General; Captain Morrison has not appeared or filed a petition in this Court but has filed with the Clerk of the Court his written consent to the reference of his claim by the War Department to the Court of Claims under the provisions of the act of March 3, 1911 (36 Stat. 1137; U. S. C. 28:254).
It will be seen from the facts stipulated that the case is still pending in the Department; that the claimant has consented that the claim be submitted to the Court of Claims for its opinion; that the claim has not been submitted to the Comptroller General; that at the time of the fire Captain Morrison was not engaged in saving human, life or protecting Government property endangered by the fire and that ho was absent from the camp on military duty to which he had been assigned previous to the fire.
This court .has jurisdiction under Section 148 of the Judicial Code, 36 Stat. 1137, the claimant having consented that the case be transmitted and also it appearing to the satisfaction of the court upon the facts that, under existing law, it has jurisdiction to render a judgment.
The sole question submitted by the Secretary of War is the legal meaning of the latter part of the second paragraph of Section 1 of the act of March 4, 1921, 41 Stat. 1436. The statute reads in part as follows:
Section 1. That private property belonging to officers, enlisted men, and members of the Nurse Corps (female) of the Army, including all prescribed articles of equipment and clothing which they are required by law or regulation to own and use in the performance of their duties, and horses and equipment required by law or regulations to be provided by mounted officers, which since the 5th day of April, 1917, has been or shall hereafter be lost, damaged, or destroyed in the military service, shall be replaced, or the damage thereto, or its value recouped to the owner as hereinafter provided, *609 when such loss, damage, or destruction has occurred or shall hereafter occur without fault or negligence on the part of the owner in any of the following circumstances:
Second. When it appears that such private property was so lost, damaged, or destroyed in consequence of its owner having given his attention to the saving of human life or property belonging to the United States which was in danger at the same time and under similar circumstances, or while, at the time of such loss, damage, or destruction, the claimant was engaged in authorized military duties in connection therewith.
As no claim is made, and it is admitted, that Lt. Morrison (now captain) was not giving his attention to the saving of human life or property belonging to the Government when his property was lost, damaged, or destroyed, but was on military duty away from the camp, he must recover, if at all, under the terms of the last part of the second paragraph of Section 1 of the act of March 4, 1921, supra, which reads:
or while, at the time of such loss, damage, or destruction, the claimant was engaged in authorized military duties in connection therewith.
The second paragraph of Section 1 of the act in question contains three contingencies upon which recovery can be had for property belonging to an officer being lost, damaged, or destroyed. The first is where the officer is saving human life; second, where he is saving property belonging to the Government which is in jeopardy at the same time his own property is lost, damaged, or destroyed; and the third is where he is engaged in authorized military duties in connection with the catastrophe or event which caused his property to be lost, damaged, or destroyed. Although this last part of the second paragraph of Section 1 of the act is ambiguous, nevertheless, Congress has seen proper to mention three contingencies which would justify the Government paying for the lost, damaged, or destroyed property. It is a familiar rule of construction of statutes that, where certain things are mentioned, all other things are excluded. The words “connected therewith” refer back to the former *610 part of the section in reference to the cause of the loss, damage, or destruction, and must be read therewith. If it had been the intention of Congress to cover every loss which might be sustained by an officer while engaged in authorized military duties and who was not present or taking part in assisting during the catastrophe or event, it would not be. necessary to mention the three contingencies.
In Curran v. United States, 65 C. Cls. 26, in construing this part of the statute, the court held that the woi’ds “connected therewith” meant in connection with the property so lost. However, we believe that the Court could have gone further and not restricted this meaning to the loss of the property of an officer but to the catastrophe or event which produced and which was the cause of the loss. The intention of Congress, as read into these contingencies, is that the officer must be present at and participate in the rescue of life or recovery of property during the catastrophe or disaster. His actual participation in some way in overcoming the catastrophe is essential, or his commanding officer would have had to order him to leave the scene of the catastrophe or disaster to procure assistance in which event he would have been “engaged in authorized military duties in connection therewith.”
There is no provision with which we are acquainted, or which has been brought to our attention, which makes the Government an insurer of property lost by an officer while performing military duties, not in time of war, except this provision to which we have referred above, and which sets out the three qualifying essentials, one of which must happen before recovery can be had.
The claimant is not entitled to recover for the loss of his property and his claim must be dismissed.
As this case has been transmitted to this court by the head of a department under Section 148 of the Judicial Code, supra, and the court is of the opinion that the claimant is not entitled to recover, the Secretary of War is so advised and a copy of this opinion will be transmitted to him.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.